UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARTHYL BOOZ**                                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 24-2134**

**STATE FARM INDEMNITY COMPANY ET AL**                              **SECTION "B"(1)**

## ORDER AND REASONS

Before the Court are plaintiff Marthyl Booz's unopposed motion to remand (Rec. Doc. 14) and an affidavit filed by Marthyl Booz on October 31, 2024 (*See* Rec. Doc. 16),

**IT IS ORDERED** that plaintiff's unopposed motion to remand is **GRANTED**, and the matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This insurance-coverage dispute arises from alleged motor vehicle accident. *See generally* Rec. Doc. 1-2. Filed on June 14, 2024, in the Civil District Court for the Parish of Orleans, the suit contends that on July 19, 2023, Vance Sible ("Sible") allegedly struck Marthyl Booz ("Booz") at the intersection of Gravier and Carondelet Street. Rec. Doc. 1-2 at 2 ¶III. Mr. Booz's claim states that Vance Sible's failure to stop his 2022 Chrysler Pacifica at a red light on Carondelet Street was one of several contributing factors to the accident, among other allegations of Sible's carelessness. *Id.* at 2-3 ¶¶III, IV. Subsequently, Booz sustained severe and disabling bodily injuries and property damage to his vehicle. *Id.* at 2 ¶III.

At the time of the accident, Sible was insured by State Farm Indemnity Company ("State Farm") with liability coverage. 1-2 at 3 ¶V. Plaintiff asserts liability on behalf of both State Farm and Sible for the accident and defendant's negligence. 1-2 at 3 ¶VI. Booz claims "severe and disabling injuries, including, but not limited to, injuries to his neck, upper back, low back, right

arm, left arm, right leg and left leg." 1-2 at 3 ¶VI. For damages, plaintiff provides: "past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, past loss of enjoyment of life, future loss of enjoyment of life, past medical expenses, future medical expenses, past lost wages/loss of earning capacity, future lost wages/loss of earning capacity, aggravation and inconvenience, scarring and disfigurement, transportation expenses to and from the doctor, loss of insurability, loss of use of vehicle, depreciation in value of vehicle, and property damage, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings." *Id.* at 1-2 ¶II; *see also id.* at 3-4 ¶VII.

Louisiana law prohibits plaintiffs from pleading a specific amount of monetary damages, therefore defendants began questioning plaintiff in discovery as to the value of their claim. *See* La. Code Civ. Proc. art. 893(A)(1); Rec. Doc. 1-1 at 2. Therefore, after receipt of plaintiff's admissions, on August 29, 2024, defendant removed the action to federal court. Rec. Doc. 1. Defendant argues that removal is timely because it occurred within thirty days of its receipt of plaintiff's responses submitted on July 30, 2024. *Id.* at 1 ¶2. Specifically, defendant provides that in the plaintiff's responses to request for admissions, plaintiff specifically stated their cause of action exceeded $75,000.00. *Id.* at 2 ¶3. Accordingly, defendant asserts the plaintiff's responses "indicated that this matter was removable." *Id.* at 1 ¶2.

Plaintiff then filed its unopposed motion to remand, which is currently before the Court. Rec. Doc. 14. In his motion, plaintiff avers that after further review of his case, the amount in controversy does not exceed $75,000, exclusive of interest and costs. *Id.* at 1 ¶IV. In his motion, plaintiff's counsel states that he has conferred with defense counsel on this motion and there has been no opposition to his demand. *Id.* at 2 ¶VI. Additionally, on October 31, 2024, plaintiff's counsel filed a voluntary stipulation by Marthyl Booz, stating that he "stipulates that all damages

arising out of the above-captioned lawsuit do not exceed $75,000, exclusive of judicial interest and legal costs that are taxed by the court at the conclusion of any trial of the merits." *See* Rec. Doc. 16. In the stipulation, Marthyl Booz also stipulated that he "will not seek nor accept any amount of damages awarded by judge or jury in the above-captioned lawsuit more than $75,000.00 form the defendants." Rec. Doc. 16 at 1. Finally, Booz also "revoke[d] his prior Admission stating his cause of action exceeded $75,000.00." *Id.*

## LAW AND ANALYSIS

### A. Removal Jurisdiction Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). Removal of a civil action to federal court is governed by 28 U.S.C. § 1441 and is proper where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied." *Halmekangas*, 603 F.3d at 292 (alteration in original) (internal quotations and citation omitted). Federal diversity jurisdiction under 28 U.S.C. § 1332 exists where there is complete diversity of citizenship of the parties, and where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Here, parties agree that diversity of citizenship exists for 28 U.S.C. § 1332 purposes. *See* Rec. Docs. 1 and 14. Initially, upon defendants' removal filing, both parties agreed that plaintiff's case was valued over $75,000. *See* Rec. Doc. 14. However, despite the accord found upon removal, on October 16, 2024, plaintiff's counsel filed a motion to remand the case to the Orleans Parish Civil District Court. Rec. Doc. 14. In the filing, plaintiff's counsel averred that upon further review of the case, Marthyl Booz's amount in controversy does not exceed $75,000, exclusive of interest

and costs. Rec. Doc. 14 at 1 ¶IV. Moreover, plaintiff's counsel filed this unopposed motion asserting that Marthyl Booz agreed to stipulate to this fact. *Id.* at 1 ¶IV. Subsequently, on October 31, 2024, plaintiff Marthyl Booz filed into the record a voluntary stipulation which averred that his damages do not exceed $75,000.00; that he will not seek nor accept any damages above $75,000.00; and that he revoked his prior admission stating his cause of action exceeded $75,000.00.

Based on Marthyl Booz's voluntary stipulation, the Court finds that it lacks subject-matter jurisdiction under 28 U.S.C. § 1332. Therefore, remand is appropriate.

New Orleans, Louisiana, this 25th day of November 2024

_____
Senior United States District Judge